IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LEE MOMIENT<br>Plaintiff<br>-v-<br>NORTHWEST COLLECTORS, INC.<br>Defendant. | 13cv2140<br>Judge Zagel<br>Mag. Judge Valdez |

**JURY DEMANDED**

## COMPLAINT

Plaintiff, Lee Momient, individually, hereby sues Defendants, NORTHWEST COLLECTORS INC.("NCI") for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii) and for violations of the FCRA and FDCPA and various state law claims.

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii); For violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692 et seq; For violations of the Fair Credit Reporting Act (FCRA),

15 U.S.C. § 1681 et seq.; and for various tortious acts.

2. Upon belief and information, Plaintiff contends that many of these practices are widespread and persistent for the Defendant. Plaintiff intends to propound discovery to determine the actual number of violations of the law were committed by the Defendant against the Plaintiff that were not successfully documented by Plaintiff.

3. Plaintiff contends that NCI has violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent and or wholly inaccurate debt.

## JURISDICTION AND VENUE

4. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

5. This is an action for damages which exceed $100,000.

## PARTIES

6. Plaintiff, Lee Momient, is a natural person and is a resident of the State Illinois.

7. Upon information and belief Defendant, NCI is a domestic corporation, and authorized to do business in ILLINOIS.

8. Upon information and Belief Defendant, NCI, is registered with The Illinois Department of Financial Regulation as a Collection Agency with license number of 017000047.

## FACTUAL ALLEGATIONS

9. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3). On 11/04/2011.

10. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

11. The Plaintiff received a phone call from the defendant NCI on his cellular.

12. Plaintiff filed this claim within the timeframe permitted under the FDCPA, TCPA AND FCRA.

13. On or around November 4, 2011, Defendant willingly and knowingly used an automatic telephone dialing system to call Plaintiff's cellular telephone number; upon answering the phone the Plaintiff heard a long pause and there was no answer, after a continued pause a person answered the call as if to be calling the Plaintiff.

14. The Plaintiff told the caller that the debt was disputed and that he demanded that there be validation and verification of the debt; that the call being placed was to a cellular phone and that he demanded that the Defendant cease and desist from any further communication via his cell phone.

15. The phone call was Defendant's initial communication with Plaintiff.

16. Defendant did not send Plaintiff the written notice required by 15 U.S.C. §1692g within five days of this initial communication.

17. On or about November 9 2011 the Plaintiff faxed a letter to NCI; disputing the debt; demanding verification and validation of the debt; and demanding that NCI Cease and Desist from Calling the Plaintiff's cell phone.

18. This letter also instructed Defendant to provide Plaintiff with certain information that would verify that Plaintiff owed the debt.

19. As described below, Defendant continued its efforts to collect the debt without first sending Plaintiff verification of the debt as instructed.

20. Defendant willingly and knowingly used an automatic telephone dialing system to call Plaintiff's cellular telephone number.

21. Plaintiff received another automated call from NCI later on the day of November 9, 2011.

22. Upon information and belief on or about December 2011 the defendant furnished negative information to 3 Credit Reporting Agency's (CRA's) listing alleged accounts that were in collection.

23. On February 6, 2012 Plaintiff disputed the Accuracy of the NCI entries with the 3 CRA's.

24. Plaintiff has had to repeatedly dispute the inaccurate credit reporting of NCI with the the major CRA's since February 2012.

25. Upon information and belief NCI verified the entry as accurate on every occasion the information was disputed.

26. After November 9, 2011, Defendant willingly and knowingly used an automatic telephone dialing system to call Plaintiff's cellular telephone number at least 41 times.

27. NCI continued to call the Plaintiff and on February 6, 2012 the Plaintiff mailed a second letter to NCI by certified mail with return receipt requested; disputing the debt; demanding verification and validation of the debt; and demanding that NCI Cease and Desist from Calling the Plaintiff's cell phone.

28. NCI received the letter and signed for receipt of same on February, 8, 2012.

29. On or about February 13, 2013 the plaintiff received another automated call from NCI.

30. The plaintiff informed the caller that the Debt had been disputed and that he had confirmation of the NCI receiving the second letter; the caller claimed to look at "the record" and find the letters sent by the Plaintiff that disputed the debt; the caller said that they would

enter a note to remove Plaintiffs' number from the call list.

31. Upon information and belief from December 2011 through March 2013 NCI repeatedly violated the FCRA by reporting information that was inaccurate to at least 3 CRA's; Equifax, Trans Union and Experian.

32. NCI continued to violate the FDCPA and FCRA by, amongst many other acts; reporting to third parties that a debt is late or delinquent when it was disputed; by collecting on an amount in dispute; by not reporting an amount as disputed when in fact it was in dispute; by failing to validate and verify the debt.

33. From November 04, 2011 thru May 02, 2012, NCI violated the TCPA by leaving 14 recorded messages using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs' cell phone.

34. From November 04, 2011 thru May 02, 2012, NCI willingly and knowingly violated the TCPA by calling Plaintiff's cell phone 36 times with no prior permission given by Plaintiff.

35. From November 04, 2011 thru May 02, 2012, NCI willingly and knowingly violated the TCPA by leaving 14 recorded messages on Plaintiffs' cell phone without express permission.

36. From November 04, 2011 thru May 02, 2012, NCI willingly and knowingly violated the TCPA 41 times by using an automated or predictive dialer, a machine, to repeatedly call

Plaintiffs' cell phone without express permission.

37. The caller ID often showed the call came from the phone number 8472558300.

38. On each and every call there was either a pre-recorded message or a 2-11 second wait before the NCI representative would pick up the call.

39. The prerecorded messages stated,

> "Press the star key. Please have Lee call our office during business hours for a message concerning personal business. The telephone number is. Again, the number is. Whoever returns this call should refer to reference number 427396. Again, the reference number is 427396. If you are Lee Momient press 1 on your telephone to receive the message. Thanks for delivering the message. It is important. Goodbye. To repeat this"

40. The prerecorded messages did not state a phone number to call.

41. On information and belief, the call described in paragraph 38 was an automated message placed using a predictive dialer. Predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

42. The call did not identify the company calling or state that the call was for debt collection purposes.

43. Upon information and belief, defendant has a standard policy and practice of leaving telephone messages that do not identify the company calling or state that the call is for collection purposes.

44. In or around December 2011 the Plaintiff received a call from NCI's Maria Green; During that call the plaintiff told NCI that the calls were annoying him and causing him a great deal of stress and anguish; NCI told the plaintiff that, "The anguish will go away if you just pay your bill." And, "The calls will continue until you pay."

45. In or around May 2012 the Plaintiff contacted the Executive offices of NCI and spoke to a male who claimed to be a Manager Named Larry Mason. During that call Larry Mason admitted to receiving the certified mail of the Plaintiff, the dispute and said that the calls were stopped in April, 2012 as a result of the dispute.

46. In or around May 2012 the Plaintiff again contacted the Executive offices of NCI and spoke to someone named Larry Mason. During that call Larry Mason said that he had signed for the mail and opened it himself. Larry told the plaintiff that he had received the mail but that there were only blanks page(s) in the document. Larry concluded that the calls were in face legal and consented to and that the Plaintiff had no claim for damages.

47. In or around February 2013 the Plaintiff again contacted the Executive offices of NCI and spoke to someone named Larry Mason who then identified himself as the General Manager. During that call Larry Mason told Plaintiff that he was looking through his notes after sometime Larry reiterated the blank mail story and told the Plaintiff to send a complaint to their registered agent.

48. NCI's willful and or negligent activity violated the FDCPA, FCRA and the TCPA.

49. Upon information and belief the Defendants are willful in their actions without regard to statutes, they as a collection agency, have a long history and extensive knowledge of the laws which govern their business practices and that they willfully and regularly violate them for some purpose, such as to serve a cost benefit analysis.

50. As a direct and proximate result of the willful, knowing and or negligible actions of the actual damages including, without limit, anxiety, difficulty relating to others, stress, anger, downtime, severe headaches, increased temper, adrenaline, conflict with family, shortness of breath, loss of happiness, fear, worry, irritability, embarrassment, humiliation, indignation, emotional and mental distress, pain and suffering, aggravated existing illnesses, out of pocket expenses, reduced credit rating, injury to reputation, filing fees, bank fees, all as a direct and proximate cause by the intentional, willful, wanton, malicious, frequent, persistent, extreme, outrageous and unlawful debt collection practices of the Defendant.

## COUNTS ONE THROUGH FORTY

### Violations of the Fair Debt Collection Practices Act

Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

Defendant violated 15 U.S.C. §1692c on FORTY separate occasions by each time calling Plaintiff to collect the debt notwithstanding its receipt of Plaintiff's written notice that Plaintiff refused to pay the debt and wished Defendant to cease further collection efforts.

## COUNTS FORTY-ONE THROUGH EIGHTY

### Violations of the Fair Debt Collection Practices Act

Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

Defendant violated 15 U.S.C. §1692g on FORTY separate occasions by calling Plaintiff to collect the debt without first sending verification of the debt pursuant to Plaintiff's written request.

## COUNTS EIGHTY-ONE THROUGH ONE-HUDRED TWENTY

### Violations of the Telephone Consumer Protection Act

Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on FORTY-ONE separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system and a prerecorded voice without Plaintiff's prior express consent.

## COUNTS ONE HUNDRED TWENTY-ONE THROUGH ONE HUNDRED THIRTY-FOUR

### Violations of the Telephone Consumer Protection Act

Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

Defendant willingly and knowingly violated a regulation prescribed under 47 U.S.C. § 227(b), namely C.F.R. 64.1200(b)(1), on FOURTEEN separate occasions by each time leaving a prerecorded telephone message in Plaintiff's voicemail that did not clearly state the name under which Defendant was registered to conduct business.

## COUNTS ONE HUNDRED THIRTY-FIVE THROUGH ONE HUNDRED FORTY-EIGHT

### Violations of the Telephone Consumer Protection Act

46. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

47. Defendant willingly and knowingly violated a regulation prescribed under 47 U.S.C. § 227(b), namely C.F.R. 64.1200(b)(2), on 14 separate occasions by each time leaving a prerecorded telephone message in Plaintiff's voicemail without also clearly stating Defendant's telephone number.

## COUNTS ONE HUNDRED FORTY--NINE THROUGH TWO HUNDRED TWENTY-ONE

### Violations of the Fair Credit Reporting Act

51. Plaintiff restates and reiterates herein all previous paragraphs.

52. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

53. Defendant NCI is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

54. Defendant NCI willfully violated the FCRA. Defendants' violations include, but are not limited to, the following:

   (a) Defendant regularly, and on a monthly basis, and on some 81 separate occasions reported to the three major CRA's (Equifax, Trans Union and Experian) incomplete, inaccurate, unverified, disputed and un-validated information.

   (b) Defendant NCI willfully violated 15 U.S.C. §1681s-2(a)(3) by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

   (c) Defendant NCI willfully violated 15 U.S.C. §1681s-2(b)(1)(A) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.

   (d) Defendant NCI willfully violated 15 U.S.C. §1681s-2(b)(B) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.

(e) Defendants NCI willfully violated 15 U.S.C. §1681s-2(b)(C) by, after receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the Plaintiff pertaining to the account.

55. As a result of the defendants conduct the Plaintiff has suffered, without limit, the actual damages of stress, exacerbation of previous medical conditions, lower credit score, out of pocket costs, costs, credit denials, the stress related to attempts to repair credit, frustration, and anxiety.

WHEREFORE, Plaintiff demands judgment for damages against Defendant NORTHWEST COLLECTORS INC for actual and/or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

ALTERNATIVELY, the actions of the Defendant were negligent, in such an unlikely case the Plaintiff demands Judgment for damages against defendant for statutory damages, actual damages, attorney's fees and costs.

## COUNTS TWO HUNDRED TWENTY-TWO THROUGH TWO HUNDRED SIXTY-TWO

### INVASION OF THE RIGHT OF PRIVACY BY INTRUSION UPON SECLUSION

56. Plaintiff restates and reiterates herein all previous paragraphs.

57. The Defendant NCI undertook a series of at least 41 separate communications to the private cellphone of the Plaintiff constituting an invasion of privacy by intrusion upon seclusion of another, as set out and described in the common law of the State of ILLINOIS. Said communications were harassing, unreasonable, systematic and continuous in number and made in disregard for Plaintiffs' right to privacy and seclusion; after repeated, lawful requests that the Defendant no longer contact him by phone pursuant to the TCPA and the FDCPA and common decency. Said communications were made to intentionally distress, annoy, force, coerce, harass, frighten, embarrass and/or humiliate the Plaintiff into paying an alleged debt.

58. The actions of the Defendant would be highly offensive or objectionable to any reasonable person and were so to the plaintiff.

59. Said invasions were intentional, willful, and malicious, and violated the Plaintiffs' privacy.

60. Said invasions were a regular, continuous and systematic, harassing and unreasonable collection effort contrary to the law of the State of Illinois and Federal law and violated the Plaintiffs' privacy.

61. Plaintiff avers that the Defendant telephoned the Plaintiff on multiple occasions demanding payment.

62. The Plaintiff avers that the communications were made by automated dialers and employees and acting on behalf of NCI.

63. Plaintiff suffered anguish, harassment, hounding, exacerbation of existing medical condition (panic disorder) and threatening.

64. Plaintiff repeatedly and continuously begged and pleaded with Defendants to stop calling, that the calls were creating great emotional distress, physical sickness, and mental pain and anguish.

65. Defendants refused to cease and desist the calling, hounding and harassment.

66. Defendants have continuously and repeatedly called The Plaintiff at home after being told not to call and that the calls were making him physically sick and creating great emotional distress and mental pain and anguish.

67. As a proximate consequence of said invasion of the right of privacy, Defendants have caused the Plaintiff to suffer great worry, loss of sleep, anxiety, embarrassment, nervousness, physical sickness, and physical and mental injury, pain,

## COUNTS TWO HUNDRED SIXTY-THREE THROUGH THREE HUNDRED THREE

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68. Plaintiff restates and reiterates herein all previous paragraphs.

69. At the times and places aforesaid, Defendant was; a Debt collector; using an automated dialer on at least 41 separate occasions to make phone calls to plaintiff private cellphone and home; and possessed the cellular phone number and address of the Plaintiff and used that information to repeatedly call and harass the plaintiff without his consent in the attempt to make him pay wholly inaccurate and unlawful sums of money, while simultaneously distressing the Plaintiff.

70. At the time and place aforesaid, Defendant knew or should have known of the fact that; the Plaintiff was a consumer; that the plaintiff had lawfully demanded that the defendants cease

and desists from further phone contact and that the calls were causing him stress and making him ill;

71. At the time and place aforesaid, Defendant knew or should have known of the fact that the defendants 41 phone calls and collection efforts would have been improper and inconvenient detrimental for the Plaintiff and knew of the probability of causing emotional distress to plaintiff.

72. At the time and place aforesaid, Defendant committed one or more of the following acts:

   a. committed the extreme and outrageous conduct of repeatedly calling the plaintiffs telephone at least 41 times and causing it to ring; often with no person on the other end; and leaving messages with automated voices; despite the fact that the plaintiff pleaded with the Defendant to stop calling at all;

   b. calling repeatedly and intensely several times per week and for the duration of months on end; and

   c. Caused the defendant to become severely panicked; become enraged; become frustrated; because of the infliction of emotional distress.

73. As a proximate result of one or more of these intentional acts or omissions, Plaintiff sustained severe and extreme emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant for a sum in excess of the jurisdictional limit of this court.

## COUNT THREE HUNDRED FOUR THROUGH THREE HUNDRED TWENTY-THREE

**Illinois Collection Agency Act**

74. Plaintiff restates and reiterates herein all previous paragraphs.

75. On at least 20 separate occasion Defendant violated the following provisions of 225 ILCS 425/9: . . . (21) Failing to disclose to the debtor or his or her family the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections and which he or she is legally authorized to use. . . .

76. On at least 2 occasions the Defendant violated the provisions of 225 ILCS 425/9 ... "Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public."

77. A private right of action exists for violation of the ICAA. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

(1) Compensatory, nominal and punitive damages, as appropriate.

(2) Costs.

(3) Such other and further relief as is appropriate.

## COUNT THREE HUNDRED TWENTY-FOUR
## FRAUD

78. Plaintiff restates and reiterates herein all previous paragraphs.

79. Defendant, through its employees, was engaged in a systematic scheme to charge and attempt to collect from the Plaintiff unnecessary and wholly inaccurate sums of money.

## COUNT THREE HUNDRED TWENTY-FIVE

## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

(815 ILCS 505 et. Seq.)

80. Plaintiff restates and reiterates herein all previous paragraphs.

81. Plaintiff is a consumer.

82. Defendant is a collection agency's covered by state and federal laws.

83. In connection with a consumer transaction, defendant engaged in unfair and deceptive practices, prohibited by Illinois law, aimed at causing substantial harm to the Plaintiff.

84. Defendant's deceptive and fraudulent actions included, without limit;

   a. Telling plaintiff that the calls would cease after the Plaintiff notified the Defendant of a lawful demand to stop calling the plaintiffs' cellphone.

   b. Telling the Plaintiff that they received his demand letters and later claiming the letters were blank and not received.

85. The outrageous misconduct of the defendant was done with malice or an evil motive or was performed with a reckless indifference toward the rights of others.

86. Defendant succeeded in damaging the Plaintiff through these unfair and deceptive trade practices as described herein.

## ADDITIONAL ALLEGATIONS

87. Plaintiff restates and reiterates herein all previous paragraphs.

88. Plaintiff restates and reiterates herein all previous paragraphs.

89. The above and foregoing actions, inactions and fault of defendants, as to each and every count, have proximately caused a wide variety of damages to Plaintiff.

90. Defendant false credit reporting about Plaintiff has been a substantial factor causing credit denials and other damages.

91. Defendant is liable unto Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

WHEREFORE, PLAINTIFF, LEE MOMIENT, PRAYS that after all due proceedings are had there be Judgment herein in favor of Plaintiff and against Defendant, NCI as follows:

That there be Judgment herein in favor of Plaintiff, LEE MOMIENT, and against Defendant, NCI for all reasonable damages sustained by Plaintiff, including, but not limited to, statutory damages, compensatory damages associated with the costs of out-of-pocket expenses, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, aggravation, credit related damages, property equity losses, credit denials, property damage, and for punitive damages, attorney fees, costs incurred, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid in full.

FURTHER PRAY for any and all general, equitable and necessary relief.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this _3 20_ 2013

_____

Lee Momient
P.O. Box 608082
Chicago, Il 6060
773-712-3989

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the Defendant s take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to any of them. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.