UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEE ARTHUR MOMIENT, | |
| Plaintiff, | No. 13 C 2140 |
| v. | Judge James B. Zagel |
| NORTHWEST COLLECTORS, INC., | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Lee Arthur Momient ("Plaintiff") filed a 325- count complaint against debt collection agency, Northwest Collectors, Inc. ("Defendant" or "NCI") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, the Telephone Consumer Protection Act, 47 U.S.C. § 221 *et seq.*, Illinois Collection Agency Act, Illinois Consumer Fraud Act, and alleging that Defendant committed an invasion of privacy, intentional infliction of emotional distress, and fraud. Currently before the court is Defendant's motion for summary judgment. For the following reasons, Defendant's motion is granted in part and denied in part.

## I. BACKGROUND

Defendant claims that North Shore Pathology Consultants and Consultant Radiologists of Evanston referred NCI two separate debts for collection purposes totaling $98.00 and $1,100.00, respectively, which were owed by Plaintiff Lee Arthur Momient. NCI claims that Momient provided his cell phone number, 773-XXX-3989, to St. Francis Hospital. NCI and Momient dispute whether Momient consented to being contacted at this number and whether Momient told his medical providers not to contact him at the number provided for purposes of collection.

In November 2011, NCI claims that it sent Momient a validation notice for each account, neither of which was returned undeliverable, and began collection efforts on the $1,100 debt on November 4, 2011 and on the $98.00 debt on November 11, 2011 by contacting Plaintiff at 773-XXX-3989. NCI claims that Plaintiff did not respond in writing or via telephone to the validation notice. On May 5, 2012, Momient called NCI and told an agent that he mailed a letter to NCI requesting it cease calling him to collect the debts. NCI claims it received a mailed envelope from Momient containing only a blank piece of paper, not a written dispute, with a return address on the envelope of "LM 7228 N. Bell, Chicago, IL," dated February 6, 2012. NCI claims that it was not aware that the envelope was from Plaintiff until he called NCI on May 5, 2012, but that after Plaintiff disputed the debt orally over the phone, it marked the debts as disputed, updated the accounts as disputed to the credit reporting agencies, and did not call Plaintiff again.

NCI, a member of ACA International, claims that it trains its employees to be state and federal law compliant, educates its collectors, and tests its collectors upon hiring and annually. NCI claims that, upon receiving a written request to cease any and all further collection efforts, NCI notates the file to alert collectors not to make any calls or send any notices to the debtor and blocks the number as a "NO_CALL_PHONE." NCI claims that it has a policy to send validation notices and promptly respond to disputes received from consumers via the eOscar system by investigating disputes, verifying disputed information in its records and client's records, and updating and/or removing inaccurate credit information. If an investigation validates the information on the account, NCI will report the information as accurate. NCI contends that it has never received less than a 100% rating from eOscar.

NCI received three "eOscar" disputes from Momient; two disputes were received on

May 30, 2013 for Momient's debts with Consultant Radiologists and North Shore Pathology Consultants and one on May 31, 2013 for Momient's debts with Consultant Radiologists. NCI claims that, after reviewing its records and conferring with its clients, NCI responded to credit reporting agencies ("CRAs") Experian and Trans Union on May 31 and June 3, 2014, respectively, that the accounts were accurate.

## II. LEGAL STANDARD

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir.2001). The Court's "function is not to weigh the evidence but merely to determine if there is a genuine issue for trial." *Bennett v. Roberts*, 295 F.3d 687, 694 (7th Cir. 2002).

Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts demonstrating that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d. 265 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts" in order to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir.2003)(citing *Lujan v. Nat'l Wildfire Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)). A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d

432, 437 (7th Cir. 2000). A non-moving party's own affidavit that does not contradict any prior sworn statement, even if uncorroborated and self-serving, can constitute affirmative evidence to defeat a summary judgment motion. *U.S. v. Funds in Amount of One Hundred Thousand One Hundred and Twenty Dollars ($100,120.00)*, 730 F.3d 711, 718 (7th Cir. 2013). Still, a plaintiff cannot rest on the allegations contained in his complaint to oppose a properly supported summary judgment motion made against him. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505 (1986)(citing *First Nat. Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968).

At summary judgment, the only question is whether, after considering the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in the non-moving party's favor, there is a genuine dispute regarding any material fact precluding judgment as a matter of law. *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir.2002).

### III. DISCUSSION

1. Count 324: Fraud

Plaintiff's fraud claim is based on a theory that NCI "engaged in a systematic scheme to charge and attempt to collect from the plaintiff unnecessary and wholly inaccurate sums of money." Defendant has offered evidence that it was referred two outstanding debts, owed by Plaintiff, from North Shore Pathology Consultants and Consultant Radiologists of Evanston. Defendant has additionally offered evidence to support a finding that NCI attempted to collect debts and that, upon receiving a dispute via eOscar, it investigated and verified the disputed account information, according to company policy. Plaintiff has not presented any evidence that the referred debts were inaccurate sums of money and has failed to rebut evidence offered by Defendant that it was engaged in the lawful collection of referred debts. As Plaintiff has neither

4

sufficiently alleged the "who, what, where, when, or how" of a fraudulent scheme nor offered any evidence to plausibly show that NCI engaged in any kind of fraudulent scheme, I grant summary judgment in favor of Defendants as to Count 324.

2.     Counts 304 – 323, Illinois Collection Agency Act (ICAA)

Plaintiff alleges that NCI violated the 225 ILCS 425/9 ICAA because NCI engaged in "dishonorable, unethical or unprofessional conduct" and did not disclose its name to Plaintiff. Defendant argues that Plaintiff has no private right of action under § 9, which reserves a right of action to the "Department" and "Attorney General." An implied right of action has been found in the few cases brought under the ICAA where Plaintiff has shown that he suffered an actual injury. *McCabe v. Crawford & Co.*, 272 F.Supp.2d 736, 751-52 (Ill. N.D. 2003). In any case, I need not address whether Plaintiff has sufficiently alleged a private right of action under the ICAA, as I agree with Defendant that Plaintiff's failure to respond to NCI's argument in response to the summary judgment motion results in waiver of this claim. *Havoco of America, Ltd. v. Sumitomo Corp. of America*, 971 F.2d 1332, 1336 (7th Cir. 1992); *Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 237 (7th Cir. 1996). I grant Defendant's motion for summary judgment with respect to Counts 304 through 323.

3.     Remaining Counts under the FDCPA (1-80), TCPA (81-148), FCRA (149 – 221), ICFA (325), and state law claims of privacy (222 – 262) and intentional infliction of emotional distress (263 – 303)

Defendant, as the moving party, has offered evidence in support of its motion for summary judgment. Plaintiff, rather than rebutting Defendant's evidence with his own evidence (with the exception of his limited affidavit), "disagrees and objects" to much of Defendant's evidence on the basis that "the plaintiff has not had the opportunity to cross-examine the non-party" or a blanket, "This is a disputed issue of fact for the trier of fact." This case appears to be

5

going nowhere and must be resolved. I order Plaintiff to appear for a discovery conference at which he must provide the basis for his request to cross-examine non-party producers of documents and witnesses. Plaintiff, an experienced *pro se* litigator who has filed numerous complaints alleging violations of the FDCPA, TCPA, FCRA, and ICFA,[1] is no longer a classic layperson and is not presumed to be unprepared. If Plaintiff is unable to appear at the ordered date, he must provide evidence to explain the reason for his failure to appear.

4. Defendant's Motion to Sanction

Defendant additionally moves the Court to sanction Plaintiff pursuant to 15 U.S.C. § 1692k(1)(3) and Fed. R. Civ. P. 11 for pursuing a meritless complaint. Defendant requests that the Court grant default judgment in favor of the Defendant and dismiss Plaintiff's Complaint with prejudice. Plaintiff has caused numerous delays and failed to respond to discovery requests in a timely manner, including Plaintiff's failure to respond, after numerous extensions, and ultimately resulting in this Court ordering Defendant's "Requests to Admit" to be admitted. Dkt. # 55. This motion appears to have some grounds, and I will give Plaintiff an opportunity to respond.

---

[1] *Momient v. Kahn, Winnemac, et al.*, No. 12 cv 8195 (N.D.Ill.); *Momient v. Hy Cite, Inc., et al.*, No.11-cv-4417 (N.D.Ill)(filed 06/29/2011); *Momient v. Peoples Energy, et al.*, No. 11-cv-4420 (N.D.Ill.)(filed 06/29/2011); *Flava Works, Inc. v. Momient*, No. 11-cv-06306 (N.D.Ill.)(filed 09/09/2011); *Momient v. Schuster, et al.*, No. 11-cv-08001 (N.D.Ill.)(filed 11/10/2011; *Momient v. The CBE Group, Inc.*, No. 12-cv-00615 (N.D.Ill.)(filed 01/27/2012); *Momient v. NCO Financial Sys., et. al.*, No. 12 cv 04453 (N.D. Ill.)(filed 06/07/12); *Momient v. Harris & Harris, Ltd., et al.*, No. 12-cv-04540 (N.D.Ill.)(filed 06/12/2012); *Momient v. Northwest Collectors, Inc.*, No. 13-cv-02140 (N.D.Ill.)(filed 03/20/2013); *Momient v. Portfolio Recovery Associates LLC*, No. 13-cv-04648 (N.D.Ill.)(filed 06/25/13); *Momient v. MiraMed Revenue Group, LLC*, No. 13:cv-04943 (N.D.Ill.)(filed 07/10/2013); *Momient v. GE Capital Retail Bank FSB*, No. 13-cv-05138 (N.D. Ill.)(filed 07/18/13); *Momient v. Experian Information Solutions, Inc., et al.*, No. 13:cv-05187 (N.D.Ill.)(filed 07/19/2013); *Momient v. Nationwide Credit*, No. 13-cv-06118 (N.D. Ill.) (filed 08/27/13); *Momient v. Bell/Touhy, et al.*, Circuit Court of Cook County, No. 2011 L 708874; *Momient v. Kerasotes Showplace*, Circuit Court of Cook County, No. 2010-M1-302831 (filed 11/02/10); *Momient v. City of Chicago Revenue*, Circuit Court of Cook County, No. 2011-M1-625749 (filed 12/05/11); *Momient v. Izquierdo Yvonne*, Circuit Court of Cook County, No. 2012-L-002257 (filed 02/29/12); *Momient v. Harris and Harris*, Circuit Court of Cook County, No. 2012-M2-000974 (filed 05/07/12); *Momient v. Credit Collection*, Circuit Court of Cook County, No. 2013-M1-135721 (filed 06/18/13); *Momient v. American Collection*, Circuit Court of Cook County, No. 2013-M1-136041 (filed 06/18/13); *Momient v. Silver Properties*, No. 14 CV 3193 (filed 05/01/2014). (Dkt. #31 ¶2).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted as to Counts 304 through 324. I stay ruling on the remaining counts of Defendant's motion for summary judgment and Defendant's motion for sanctions.

ENTER:

James B. Zagel
United States District Judge

DATE: December 3, 2014